CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

FEB 2 9 2008

JOHN F. CORCORAN, CLERK
BY: _____
, DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

## ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATE OF AMERICA** | ) | **Crim. No. 1:04-cr-00067-001** |
| | ) | **Civil Action No. 1:08-cv-80020** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| **CECIL WAMPLER** | ) | **By: Hon. James C. Turk** |
| | ) | **Senior United States District Judge** |

Petitioner Cecil Wampler ("Wampler"), a federal inmate proceeding pro se, brings this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Wampler seeks to vacate or set aside his 2005 conviction and sentence for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(B), possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon while being an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3) and 924(e).  Upon review of Wampler's submissions and the record, the court concludes that his § 2255 petition is untimely and accordingly, dismisses Wampler's motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.[1]

---

[1] Rule 4 authorizes the court to dismiss a § 2255 petition without requiring a response from the government if it is clear from the petition and the criminal record that the petitioner is not entitled to relief under § 2255.

## I.

On August 10, 2005, Wampler pleaded guilty to the above-mentioned three counts and was sentenced on October 25, 2005 to a total term of 248 months of imprisonment and five years of supervised release. He filed a motion to rescind his guilty plea, which was overruled. Wampler did not appeal his conviction.

Wampler signed and dated his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, on January 2, 2008. He alleges the following claims of ineffective assistance of counsel as grounds for relief under § 2255: (1) counsel failed to file a notice of appeal after petitioner asked him to do so; (2) counsel should not have allowed petitioner to plead guilty to Counts Six and Eight of the superseding indictment; and (3) counsel should have converted discovery to a format that would have allowed petitioner to review them. The court received Wampler's § 2255 motion on January 9, 2008, and filed it conditionally, notifying him that it appeared to be untimely under § 2255(f),[2] and granting him an opportunity to provide additional evidence or arguments related to the timeliness of the petition. He responded, relying on the arguments provided in his original submissions.

Wampler offers the following reasons that he did not submit his § 2255 motion within the requisite time limit. He claims that from October 25, 2005, until March 1, 2007, the United States Marshals Service (USMS) housed him in a series of local jails, rather than sending him to a federal prison immediately after sentencing. Wampler asserts that these local jails did not have law libraries or law clerks to assist inmates in filing federal court pleadings. No one at any of

---

[2]Before an amendment took effect on January 7, 2008, the paragraphs of § 2255 were not designated by letter; therefore, the notice to Wampler referred to § 2255 para. 6, rather than § 2255(f) as it now stands.

these facilities provided him with a copy of the § 2255 filing form. He states that he wrote to the clerk's office of the court "concerning his status and for assistance, but received no response." He also states that he wrote to and called his trial attorney several times, seeking assistance in filing for post-conviction relief, but counsel did not respond to his letters or return his calls. Wampler also states that his educational background is limited such that he is "not capable of preparing legal documents without assistance."

## II.

An inmate seeking to vacate his sentence under § 2255 generally must do so within one year of the date on which his conviction becomes final. See § 2255(f)(1).[3] The judgment becames final once the defendant exhausts, or foregoes, his opportunity to pursue direct appeal. See Clay v. United States, 537 U.S. 522, 525-26 (2003). A petitioner must demonstrate either the timeliness of his petition pursuant to the statute or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325, 328 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed.

---

[3]Section 2255(f) includes four ways to determine the date from which the one-year limitation period should be calculated, as follows:
> The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Wampler's petition is clearly untimely under § 2255(f)(1). The court entered final judgment against Wampler on October 25, 2005. His opportunity to appeal expired on November 8, 2005, pursuant to Fed. R. App. P. 4(b)(1)(A), and accordingly, Wampler had until November 8, 2006 to file a timely § 2255 petition. His petition, however, was filed on January 2, 2008,[4] more than two years from the date on which his conviction became final.

Wampler argues that the USMS decision to house him in local jails without law libraries or law clerks for fourteen months after his conviction was an "impediment . . . created by governmental action in violation of the Constitution or laws of the United States" under § 2255(f)(2); he argues that his limitation period should, therefore, be calculated from March 1, 2007, the date on which this impediment was removed upon his transfer to a federal prison facility. He offers insufficient support for this argument, however. First, multiple transfers and incarceration in local jails are not, in and of themselves, violative of his constitutional rights in any way. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 223-224 (1976). Second, other than his own conclusory allegations, Wampler offers no evidence whatsoever of any attempts he made at the local jails to obtain access to legal materials or legal assistance. The mere fact that a facility has no law library or library clerk does not prove an unconstitutional denial of access to courts. See Lewis v. Casey, 518 U.S. 343 (1996) (finding that constitution does not require certain type of legal assistance or legal access for inmates and that to prove constitutional violation, inmate must show lack of access

---

[4]The court will presume for purposes of this opinion that Wampler delivered his § 2255 motion to prison authorities for mailing to the court on January 2, 2008, the date on which he signed and dated the motion. See Houston v. Lack, 487 U.S. 266, 276 (1989) (finding that prisoner's appeal from denial of habeas relief was considered filed on day he delivered it to prison officials for mailing to the court).

significantly hampered his ability to litigate viable legal claim). Thus, the court cannot find that Wampler demonstrates any constitutional "impediment" related to being housed in local jails that would entitle him to have the limitation period calculated under § 2255(f)(2).[5]

## III

Equitable tolling of the § 2255 filing deadline is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. See Harris, 209 F.3d at 330.

Wampler's pleadings present several circumstances in support of equitable tolling, but none provides sufficient grounds on which to invoke it. First, his fourteen months in local jails might conceivably qualify as a grounds for equitable tolling, but as stated, Wampler fails to document any attempts during this period to obtain legal assistance. Moreover, after his transfer to a federal prison, he waited an additional ten months before filing a § 2255 motion. Such delay does not demonstrate due diligence in protecting his rights.

------

[5]Wampler does not allege any facts suggesting that the limitation period in his case should be calculated under § 2255(f)(3) or (4).

Second, the limitation period might arguably be tolled during the period when Wampler believed that his attorney had filed a notice of appeal as requested. The court specifically advised Wampler that his response to the conditional filing order should include specific details about when and under what circumstances he asked counsel to file a notice of appeal and when and how he learned that no such notice had been filed. He has provided none of these details in his response. Therefore, the court does not find grounds here to toll the limitation period for any period of time.

Third, Wampler argues that the limitation period should be tolled because his trial counsel failed to assist him in timely filing a § 2255 petition. He claims that he wrote to both the court and his attorney regarding his need for assistance in filing for post-conviction relief, but received no response. He provides no documentation in support of this assertion, and the court's records do not indicate that the clerk's office received any letters from him regarding the status of his case or a request for a § 2255 form or other assistance in filing a post-conviction pleading. There is no constitutional right to the effective assistance of an attorney in post-conviction proceedings. Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003). Moreover, lack of understanding of the legal process and lack of representation during the applicable filing period do not toll the period. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999).

Finally, Wampler argues that he has limited education and ability to prepare legal pleadings without assistance. This circumstance is not external of himself and so does not qualify as grounds to toll the limitation period. Harris, 209 F.3d at 330. The court finds no grounds that warrant equitable tolling in Wampler's case.

## IV

In conclusion, the court finds that Wampler's § 2255 was untimely filed under

§ 2255(f)(1) and he has not demonstrated grounds under which to calculate his limitation period

under any other subsection of § 2255(f) or to invoke equitable tolling. Therefore, the court will

dismiss his petition as untimely filed. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of

the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a

certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may

issue only if the applicant has made a substantial showing of the denial of a constitutional right.

§2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a

constitutional right," and therefore, this court declines to issue any certificate of appealability

pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell,

537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473, 483 (2000). If petitioner intends to

appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth

Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry

of this memorandum opinion and final order, or within such extended period as the court may

grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and the accompanying

order to the petitioner.

**ENTER**: This _29th_ day of February, 2008.

_James C. Turk_

Senior United States District Judge