CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 20 2009

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 1:04-cr-00067-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| CECIL E. WAMPLER, JR., | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Cecil E. Wampler, Jr., a federal prisoner proceeding pro se, filed a motion to withdraw his guilty plea. After construing the motion as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, the court dismisses the motion as successive.

I.

In 2005, the court sentenced Wampler to 248 months of incarceration following his guilty plea to a conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(B); possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon while being an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(e). In January 2008, Wampler filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. (Docket #122.) The court denied the motion because it was untimely filed. (Docket #126-27.)

Wampler now requests that the court allow him to withdraw his guilty plea nunc pro tunc. In his motion to withdraw his guilty plea, Wampler claims that counsel provided constitutionally ineffective assistance and counsel conspired with the United States to coerce and trick Wampler into signing his plea agreement despite his actual innocence.

II.

Federal Rule of Criminal Procedure 32(d) allows a defendant to withdraw a guilty plea before sentencing for any fair or just reason. After sentencing, however, a guilty plea may be withdrawn only upon direct appeal or pursuant to a § 2255 motion. United States v. Davis, 954 F.2d 182, 184 (4th Cir. 1992). Therefore, Wampler may not seek to withdraw his guilty plea on his own motion without proceeding under § 2255.

Thus, the court construes Wampler's motion to withdraw his guilty plea as collaterally attacking his criminal judgment, pursuant to 28 U.S.C. § 2255. However, Wampler already filed a § 2255 motion that the court dismissed as untimely. Wampler's present motion, therefore, is a successive request under § 2255. The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). Wampler did not submit any evidence that he obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion. Accordingly, the court dismisses the action without prejudice.

III.

For the foregoing reasons, the court construes Wampler's motion to withdraw his guilty plea as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, and dismisses his motion as successive.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and counsel of record for the United States.

ENTER: This 14th day of February, 2009.

/s/ James C. Turk
Senior United States District Judge