CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 2 7 2009

BY: JOHN F. CORCORAN, CLERK
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 1:04-cr-000067-1 |
| | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| CECIL EDWARD WAMPLER, JR., | ) | By: Hon. James C. Turk |
|     Petitioner. | ) | Senior United States District Judge |

Cecil Edward Wampler, Jr., a federal inmate proceeding <u>pro se</u>, filed a petition for writ of <u>audita querela</u>. He argues that his federal sentence must be invalidated because his criminal defense counsel was ineffective and conspired with the United States to coerce and trick him into signing a plea agreement despite his actual innocence. The court finds this accusation does not qualify petitioner for the requested writ. Moreover, the court finds that the petition is more appropriately filed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, based on the record and the nature of his current claim. Accordingly, the court construes his <u>audita querela</u> petition as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, and dismisses the § 2255 motion without prejudice as successive.

The writ of <u>audita querela</u>, along with writs of <u>coram nobis, coram vobis</u>, and other common law writs, was specifically abolished in federal civil actions by amendments to Fed. R. Civ. P. Rule 60(b), effective in 1948. The United States Supreme Court recognizes, however, that the ancient writ of <u>coram nobis</u> is still available to attack a criminal conviction, with jurisdiction vested under the All Writs Act, 28 U.S.C. §1651(a). <u>See</u> <u>United States v. Morgan</u>, 346 U.S. 502 (1954). Accordingly, courts have generally held that the writ of <u>audita querela</u> may also still be available under extraordinary and extremely rare circumstances. <u>See</u> <u>United States v. Reyes</u>, 945 F.2d 862, 865-66 (5th Cir. 1991) (citing other cases). The writ of <u>audita querela</u> is

available, if at all, where a legal objection to a conviction arises after conviction and could not have been raised in some other post-conviction proceeding, such as a § 2255 motion to vacate. United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991). "The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction. Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief." Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997) (quoting United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992)). See United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (explaining that "[a]udita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction").

On August 10, 2005, Wampler pled guilty to various drug and firearm offenses and was sentenced on October 25, 2005, to 248 months imprisonment and five-years supervised release. He filed a motion to rescind his guilty plea, which the court denied. Wampler did not appeal his conviction but filed a § 2255 motion, alleging that his counsel was constitutionally ineffective. The court dismissed the motion as untimely filed, and the court and the Fourth Circuit Court of Appeals declined to issue a Certificate of Appealability.

Although petitioner claims he is actually innocent of the charges to which he pled guilty, he fails to demonstrate that he could not have acquired the knowledge of being forced to plead guilty before the expiration of time to note an appeal or timely file a § 2255 motion. Furthermore, petitioner can still raise his claims in a § 2255 motion to vacate. Therefore, the court will not issue the requested writ of audita querela.

As petitioner is not entitled to a writ of audita querela and his claims essentially challenge the legality of his imposed criminal judgment, the court construes his pleading as a § 2255

motion. Petitioner previously filed other § 2255 motions concerning the same conviction and sentence. (Docket #122, 147.) Therefore, petitioner's current § 2255 motion is a second or subsequent one, falling under the successive petition bar in § 2255(h). Under this provision, a district court may consider a second or successive § 2255 motion only upon specific certification from the appropriate United States Court of Appeals. As petitioner has not submitted any evidence that he has obtained certification from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion, the court dismisses petitioner's current action as successive.

Petitioner is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within sixty days of the date of entry of this Memorandum Opinion and Order or within such extended period as the court may grant pursuant to Rule 4(a)(5).

III.

For the foregoing reasons, the court denies petitioner's petition for a writ of audita querela, construes the request as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, dismisses the § 2255 motion without prejudice as successive, and strikes the cases from the active docket.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the United States.

ENTER: This 27th day of August, 2009.

_____
Senior United States District Judge