CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 26 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:04-cr-00067-1 |
| v. | § 2255 MEMORANDUM OPINION |
| CECIL EDWARD WAMPLER, <br> Petitioner. | By: Hon. James C. Turk <br> Senior United States District Judge |

Petitioner Cecil Edward Wampler, a federal inmate proceeding pro se, filed a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 60(b), of the order dismissing his prior motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the Rule 60(b) motion, the court concludes that it is appropriately filed and dismissed as a successive § 2255 motion. See Calderon v. Thompson, 523 U.S. 538, 554 (1998) (stating subject matter of motion determines its status, not its caption).

When a prisoner files a Rule 60(b) motion in a closed case seeking relief from the court's decision denying relief under § 2255, the motion must often be filed and dismissed as a successive § 2255. Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon, 523 U.S. at 553). A Rule 60(b) motion that seeks to add a new ground for relief or attacks the federal court's previous resolution of a claim on the merits is a second or successive § 2255 request. See id. at 532; United States v. Winestock, 340 F. 3d 200, 206 (4th Cir. 2003). Furthermore, "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Winestock, 340 F.3d at 207. To allow prisoners to bring new § 2255 claims in a Rule 60(b) motion would circumvent the requirement under § 2255(h) that any subsequent claims first be certified by a court of appeals. Gonzalez, 545 U.S. at 531-32. Cf. Winestock, 340 F. 3d at 207 ("[A] motion

seeking a remedy for some defect in the collateral review <u>process</u> will generally be deemed a proper motion to reconsider." ) (emphasis added).

The court entered petitioner's criminal judgment in October 2005 for drug and firearm convictions. In his Rule 60(b) motion filed March 2010, petitioner argues that his guilty plea was not knowingly and voluntarily entered, and he seeks relief from the court's October 2009 order dismissing petitioner's successive § 2255 motion as successive.[1]

Clearly, the claims petitioner raises in his current motion fall squarely within the class of claims that must be construed and treated as "successive" § 2255 claims. Petitioner attempts to couch his motion as Rule 60 motion by arguing his conviction is a miscarriage of justice. However, petitioner actually attempts to relitigate matters already decided because he explicitly challenges the adjudication and dismissal of his previous § 2255 motion after the court adjudicated it. Therefore, this motion is the type that "attacks the federal court's previous resolution of a claim on the merits," and the court must treat the Rule 60 motion as a successive § 2255 motion. See <u>Gonzalez</u>, 545 U.S. at 531.

To pursue his present claims, petitioner must first obtain certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Because he does not present any such certification with his current motion, his successive § 2255 motion must be dismissed, and the court will not reach the merits of the claims. Based upon the court's finding that the petitioner has not

---

[1] Petitioner appealed that order, and the Court fo Appeals for the Fourth Circuit denied petitioner's request for a Certificate of Appealability.

made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This 26th day of March, 2010.

/s/ James C. Turk
Senior United States District Judge